297 Ga. 358
FINAL COPY

S15Y0878. IN THE MATTER OF PERRIN BOWIE LOVETT.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Perrin Bowie Lovett (State Bar No. 141969). The State Bar has filed a proof of service showing that it personally served Lovett on March 24, 2015. As Lovett failed to file a Notice of Rejection, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Lovett's default, show that a client paid Lovett $1,000 to represent her in being appointed as administrator of the estate of her sister, who died intestate. Lovett told the client that it would take at least a year to accomplish her goal and that she should contact him at the end of that time. When the client attempted to contact Lovett after a year, however, she found that his office was closed and that his phone had been disconnected. Following her efforts to locate Lovett, he called her and told her that he was no longer practicing law, but that his previous landlord would

complete her case for no additional fee. The client contacted the landlord who denied any agreement to handle her case. Lovett failed to refund any of the fee the client paid or to return the client's file to her, despite her requests to do so. Lovett failed to submit a response to the Investigative Panel in this matter. It appears that Lovett, who is currently suspended pursuant to Bar Rule 4-204.3 and for failure to pay Bar dues, has abandoned his practice.

Based on these facts, the State Bar contends that Lovett violated Rules 1.2, 1.3, 1.4, 1.16, 8.4 (a) (4), and 9.3. of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.3, or 8.4 (a) (4) is disbarment, while the maximum sanction for a violation of Rules 1.4, 1.16, or 9.3 is a public reprimand.

In support of its request to disbar Lovett, the State Bar asserts that he acted willfully and dishonestly in abandoning the legal matter entrusted to him and that he acted willfully and dishonestly in telling his client that another attorney would complete her case at no extra cost. The Bar noted that Lovett has no prior disciplinary history.

Having reviewed the record, we agree that disbarment is the appropriate sanction. Therefore, it hereby is ordered that the name of Perrin Bowie Lovett

be removed from the rolls of persons authorized to practice law in the State of Georgia. Lovett is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided June 15, 2015.

Disbarment.

Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar, for State Bar of Georgia.